**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

ROY SMITH and DOROTHY SMITH,
his wife,

        Plaintiffs,

vs.                                             Case No. 5:10-cv-360-Oc-32JRK

JOHN ZACCO, etc., et al.,

        Defendants.

## ORDER

This case is before the Court on pending motions.

First, as to defendant Noble Brokerage Services' motion to dismiss non-entity (Doc. 26), plaintiffs report in their response (Doc. 30) that they are amenable to dismissal of this defendant provided that they obtain assurance (through discovery) that Noble should not be a party and that any dismissal of Noble be without prejudice to joining Noble in a future amended complaint if discovery warrants it. This seems a reasonable course and Noble Brokerage Services' motion to dismiss (Doc. 26) is granted to the extent that defendant Noble Brokerage Services is dismissed without prejudice and plaintiffs may undertake appropriate discovery as described above once a Case Management and Scheduling Order is entered.

Second, as to defendants' motion for more definite statement or to dismiss (Doc. 27), plaintiffs' response (Doc. 29) suggests both that their current complaint meets the pleading standards and that if the Court disagrees, they should be permitted to file an amended

complaint, a proposed form of which is attached to their response. Unfortunately, the Court does not find that either the original or the proposed amended complaint meets the required pleading standards. While plaintiffs' voluntary effort to streamline their pleading is laudable, the proposed filing does not present the plaintiffs' claims "discretely and succinctly, so that [their] adversar[ies] can discern what [they] [are] claiming and frame a responsive pleading . . ." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). Instead, plaintiffs' proposed amended complaint recites sixty-nine paragraphs of general allegations and then names every defendant in each of five counts, which counts incorporate by reference every preceding paragraph and say virtually nothing else, except that the defendants' actions have violated some particular provision of the Fair Housing Act or the Civil Rights Act. Framed this way, it makes it appear that every one of the sixty-nine paragraphs of general allegations, as well as the counts preceding each successive count, are necessary to support each and every claim against each and every defendant. As this is implausible, it leaves us with a complaint in which there is no specificity as to what allegations are relevant to each successive claim for relief or to which defendant the allegations apply. The Court views this as a classic impermissible shot-gun pleading that is due to be re-pled. See Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED**:

No later than **October 15, 2010**, plaintiffs are directed to file an amended complaint that comports with the Court's directives above and the prevailing Eleventh Circuit pleading

standards.  Defendants shall file their responses no later than **November 5, 2010**.  Because plaintiffs are voluntarily re-pleading, the motion to dismiss or for more definite statement (Doc. 27) is moot.

    **DONE AND ORDERED** at Jacksonville, Florida this 4th day of October, 2010.

                                            TIMOTHY J. CORRIGAN
                                            United States District Judge

s.
Copies:

counsel of record