UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROY SMITH and DOROTHY SMITH,

    Plaintiffs,

v.                                                                           Case No. 5:10-cv-360-Oc-32TBS

JOHN ZACCO; JP & SONS DEVELOPMENT
CO., LLC; HARDWOOD TRAILS PROPERTY
OWNERS' ASSOCIATION; PROPERTY
MANAGEMENT CONSULTANTS, INC.; S.
WESLEY HERREN; and DEBORAH HERREN,

    Defendants.
_____

ORDER

    Before the Court is defendant Hardwood Trails Property Owners' Association's Motion to Extend Dispositive Motion Deadline, filed on November 18, 2011. (Doc. 89). Plantiffs Roy and Dorothy Smith filed a response on November 28, 2011 (Doc. 90).

    Pursuant to the Amended Case Management and Scheduling Order, dispositive motions were due by November 18, 2011. In its motion, defendant requests a twenty (20) day extension of the dispositive motion deadline. However, defendant failed to comply with Local Rule 3.01(g). At approximately 10:40 a.m. on the day dispositive motions were due, defense counsel's legal assistant e-mailed plaintiff's counsel that, "[w]e are filing a motion for extension of time within which to file dispositive motions since the deadline is today and [defendant's counsel] is out of the office. In order to be in compliance with the local rules, we are sending this email to be sure none of you have any objections." (Pl.'s Resp. Ex. 1.) Local Rule 3.01(g) contemplates that counsel will actually confer, ideally in person, if that is not feasible, by telephone, and if all else

fails, by an exchange of emails during which they attempt in good faith to resolve their dispute. The email from defense counsel's legal assistant did not satisfy Rule 3.01(g).

The defendant has also failed to demonstrate good cause for its motion to extend the deadline. The defendant contends that its request for an extension was precipitated by the "recent adjournment of mediation and present scheduling posture of this case." (Doc. 89 at 2.) The defendant has been aware of the dispositive motion deadline since June 1, 2011, when the Amended Case Management and Scheduling Order was entered by the Court. The defendant has also had notice of the "present scheduling posture" of this case since October 19, 2011, when the Court granted the parties' joint motion to extend the mediation deadline to November 15, 2011. The defendant knew or should have known of the possibility that the parties would not reach a settlement agreement on November 15, 2011, and that it would be required to meet the existing deadlines.

Finally, Local Rule 4.15 says "[n]o stipulation or agreement between any parties or their attorneys, the existence of which is not conceded, in relation to any aspect of any pending case, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted." The defendant states that the parties agreed to adjourn the mediation in part so that they could prepare dispositive motions. The plaintiffs dispute this assertion and there is no writing to support it. Therefore, the Court has ignored this statement in the motion.

For these reasons, defendant's Motion to Extend Dispositive Motion Deadline (Doc. 89) is due to be DENIED.

IT IS SO ORDERED.

DONE AND ORDERED at Ocala, Florida on November 28, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to Counsel of Record